The Honorable John Bynum Prosecuting Attorney 110 S. Fulton Street Clarksville, AR 72830
Dear Mr. Bynum:
This is in response to Deputy Prosecuting Attorney Bruce Wilson's request for an opinion on whether a county is responsible for various expenses related to a prisoner who has been committed to the Arkansas Department of Correction and then returned to the county sheriff under recent legislation. Specifically, Mr. Wilson has asked about the county's liability for the prisoner's workers' compensation, medical expenses, and salary, as well as for any improper conduct on his part.
In my opinion, the answer to your question requires initial reference to the particular act authorizing the transfer of the prisoner from the Department of Correction to the custody of the county sheriff. While you do not indicate in your request which act of the legislature the prisoner in question was transferred under, the correspondence attached to your request indicates that the prisoner was placed in the sheriff's custody pursuant to Act 309 of 1983. Act 309 of 1983, codified at A.C.A. §§ 12-30-401, -405, -406, and -407 (1987 and Cum. Supp. 1991), does not specifically address responsibility for the cost of the items you have asked about. Several Department of Correction regulations promulgated pursuant to Act 309, however, address the issues of medical expenses and earnings paid to inmates under these work-release programs. See, e.g., Regulation 1211(V)(F) (providing that an inmate's earnings and health care shall be governed by the agreement between the Department of Correction and the party contracting to undertake supervision of the inmate); Regulation 1200(II)(E) (also addressing the earnings of inmates participating in work-release programs); Regulation 1212 (indicating that the Department will be responsible to some extent for the medical care of "regular transfers" as defined therein); and Regulation 810 (establishing criteria for payment of certain medical expenses for inmates committed to the Department of Correction but incarcerated in county facilities). These regulations must be considered in determining the extent of the county's liability for these expenses. Even under these regulations, however, it appears that the county's responsibility for various expenses would be based largely upon the facts of the particular situation.
I also note that the correspondence attached to your opinion request indicates the existence of a contract between the county sheriff and the Department of Correction with regard to the housing of such prisoners. In speaking with the Department of Correction, it is my understanding that an agreement is generally signed between the Department and the county regarding the county's supervision of inmates pursuant to Act 309 of 1983. It is also my understanding that the standard contract used by the Department in this situation addresses, among other things, liability for certain misconduct of the prisoner, responsibility for certain housing and medical expenses, and indemnity against alleged illegalities concerning the formation of the contract or the housing of state inmates in the county correction facility.
Contracts such as the one described above would appear to be authorized under Act 309. See A.C.A. § 12-30-405 (1987). Seealso Department of Correction Regulation No. 1212 (July 18, 1991). The terms of such contracts would presumably govern the county's liability for the prisoner's conduct, as well as its responsibility for the expenses you have asked about, to the extent that those items are addressed therein and are not contrary to law or to Department regulations. To the extent that responsibility for these items is not addressed by state law, Department regulations, or the agreement between the Department and the county, it is my opinion that a determination must be made in conjunction with applicable provisions of law regarding the particular benefit or expense involved, based upon the particular fact situation. For example, responsibility for workers' compensation coverage should be determined in conjunction with the provisions of the Workers' Compensation Act, A.C.A. §§ 11-9-101 et seq. (1987 and Cum. Supp. 1991), and will depend upon facts such as the identity of the prisoner's "employer," as that term is defined under the Act.[1]
In summary, it is my opinion that the county's responsibility for the expenses and improper conduct of prisoners being housed in the county pursuant to Act 309 of 1983, including medical expenses, salaries, and workers' compensation, is initially governed by the provisions of any contract or agreement reached between the Department of Correction and the county, as long as the terms of the contract are not contrary to state law or to Department of Correction regulations. In the absence of such agreement, or if the terms of the agreement do not specify responsibility for these expenses, state law and Department regulations should be consulted for assistance in making a determination. If none of these sources provides an answer, then the law governing the particular benefit in question may provide assistance, such as the Workers' Compensation Act, noted above.
Based upon my research, it cannot be said definitively whether a county is responsible for medical expenses, salary, worker's compensation, or improper conduct of prisoners being housed in their jurisdiction under Act 309. At a minimum, it appears that the county may bear some responsibility for earnings and medical expenses of such prisoners. It is my opinion, however, that even with respect to those expenses for which responsibility is provided by law, regulation, or contract, the facts will ultimately be determinative on the issue of the county's responsibility therefor. For example, the county's liability for improper conduct of a prisoner must be determined with reference to the facts involved, such as whether the individual was acting on behalf of the county, and in light of the county's immunity to tort liability under state law.
In closing, it should be noted that Act 545 of 1991, codified at A.C.A. § 16-93-1004 (Cum. Supp. 1991), was passed in an effort to prevent counties and cities from incurring responsibility for medical or legal liability expenses of prisoners diverted from the Department of Correction to service in local communities under its provisions. Act 545 would not, however, appear to apply to inmates who have actually been committed to the Department of Correction prior to being transferred to a county or city for participation in a work release program. See Atty. Gen. Op. No.91-290.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
CCT/WB:cyh
[1] It should be noted that there may be a question regarding these prisoners' entitlement to workers' compensation benefits.